Agaj v. Garland

BIA
A027 271 131

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of September, two thousand twenty-three.

PRESENT:
> REENA RAGGI,
> RAYMOND J. LOHIER, JR.,
> SUSAN L. CARNEY,
> *Circuit Judges.*

_____

MEHMET AGAJ,
> *Petitioner*,

v.                                                                        20-3784

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent*.

_____

**FOR PETITIONER:**               Lance Curtright, De Mott, McChesney, Curtright, Armendariz, San Antonio, TX

**FOR RESPONDENT:**               Brian Boynton, Acting Assistant Attorney General; Anna Juarez, Senior Litigation Counsel; Robert Michael Stalzer, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals (BIA) decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Mehmet Agaj, a native and citizen of Albania, seeks review of an October 6, 2020 decision of the BIA denying his motion to reopen. *In re Mehmet Agaj*, No. A027 271 131 (B.I.A. Oct. 6, 2020). We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to deny.

## I.       Background

Agaj was admitted to the United States as a refugee in 1986 and later became a lawful permanent resident. In 1991 Agaj was convicted after a jury trial of one count of attempted murder in the second degree, *see* N.Y. Penal Law §

2

125.25(1), and sentenced principally to an indeterminate prison term of three and one-third to ten years. The Government initiated removal proceedings upon his release from prison in April 1994. In 2004 Agaj, through counsel, conceded that he was removable. Agaj's counsel initially applied for a waiver of deportation from the United States under former § 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1254(a)(2) (repealed 1996). But Agaj claims that counsel then elected not to pursue the § 212(c) waiver after incorrectly determining that Agaj was ineligible for such relief. Counsel applied instead for withholding of removal under the Convention Against Torture.

The Immigration Judge (IJ) denied Agaj's application for withholding of removal after determining that Agaj's conviction for attempted murder rendered him ineligible for that relief. And although Agaj's counsel had abandoned the application for a § 212(c) waiver, the IJ also determined that Agaj was ineligible for the waiver. Agaj, through new counsel, appealed the IJ's denial of withholding, but not the IJ's decision relating to the § 212(c) waiver. On November 2011 the BIA affirmed the IJ's decision. Agaj then appealed the BIA's decision, and we denied his petition for review in 2013. *See Agaj v. Holder*, 536 F.

3

App'x 137 (2d Cir. 2013).

After this Court denied his initial petition, Agaj "was careful with whom [he] spoke because [he] did not want someone to notify the immigration authorities and have [him] sent back to Albania." Certified Admin. R. 279. At some point after Agaj moved to Texas in 2016, a relative suggested that he consult with his present counsel. Agaj claims that health and financial concerns prevented him from contacting counsel until four years later, in 2020. Agaj, through new counsel, filed a motion to reopen his removal proceedings on July 17, 2020, arguing that he received ineffective assistance of counsel during his prior proceedings because prior counsel had failed to inform him about the possibility of applying for a § 212(c) waiver.

On October 6, 2020, the BIA denied Agaj's motion as untimely, reasoning that Agaj failed to show due diligence in pursuing his claim. Agaj appeals the BIA's denial of his motion to reopen.

## II.    Discussion

"We review the denial of motions to reopen immigration proceedings for

4

abuse of discretion."   *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006).

A noncitizen may file a motion to reopen no later than 90 days after the final administrative decision is rendered.   8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2).   Although it is undisputed that Agaj's motion to reopen is untimely, the 90-day time limit is subject to equitable tolling if the movant demonstrates both ineffective assistance of counsel and due diligence in pursuing that claim.   *See Rashid v. Mukasey*, 533 F.3d 127, 130–31 (2d Cir. 2008); *Cekic v. INS*, 435 F.3d 167, 170 (2d Cir. 2006).   A failure to establish due diligence is thus fatal to an ineffective assistance claim.   *See Cekic*, 435 F.3d at 171–72.   A movant must "affirmatively demonstrate that he exercised reasonable due diligence during the time period sought to be tolled."   *Id*. at 170.   "This includes both the period of time before the ineffective assistance of counsel was or should have been discovered and the period from that point until the motion to reopen is filed."   *Rashid*, 533 F.3d at 132.

The BIA did not err in concluding that Agaj failed to demonstrate that he exercised reasonable due diligence in discovering and pursuing his claim of ineffective assistance of counsel.   Even assuming that the tolling period began

5

when this Court denied Agaj's petition for review in 2013, Agaj waited approximately seven years to file his motion to reopen and raise an ineffective assistance of counsel claim. While no specific period of delay is *per se* unreasonable, *see Jian Hua Wang v. BIA*, 508 F.3d 710, 715 (2d Cir. 2007), we see no evidence that Agaj diligently pursued his claim in a way that justifies the seven-year delay. To the contrary, after this Court's 2013 denial of his petition for review, Agaj avoided immigration authorities to prolong his stay in the United States and did not consult with his present counsel until a number of years after he was referred to that counsel. On this record, the BIA did not err in denying Agaj's motion to reopen as untimely.

We have considered Agaj's remaining arguments and conclude that they are without merit. For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

6